**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Araya Wolde Giorgis, et al., | ) | No. CV-09-1174-PHX-FJM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| John C. Ogden, et al., | ) | |
| Defendants. | ) | |

The court has before it defendants Cheifetz Iannitelli Marcolini, P.C., and John C. Marcolini's motion to dismiss ("CIM defendants") (doc. 5), defendants Caroline K. Larsen and Bryan Cave LLP's motion to dismiss (doc. 6), defendant Gallagher & Kennedy, P.A., and Michael K. Kennedy's motion to dismiss (doc. 8), defendants Sanders & Parks, P.C., Mark G. Worischeck and Julianne D. Blumenreich's motion to dismiss (doc. 9), and the CIM defendants' joinder in other defendants' motion to dismiss (doc. 11), plaintiffs' response to all motions to dismiss (doc. 15), and the defendants' respective replies (docs. 23, 21, 31, 20). We also have before us plaintiffs' motion to remand (doc. 13), and defendants' responses (docs. 22, 29, 30, 32).

This action purports to assert a personal injury claim by plaintiff Ida Araya for injuries she allegedly sustained in May 2003 at Fiddlesticks Family Fun Park. In addition, however, the amended complaint contains sweeping allegations of civil rights violations, racial

1 | discrimination, and other state and federal statutory violations against lawyers, law firms, and others, on behalf of Ida's father, Araya Wolde Giorgis–claims having little or no connection to the underlying personal injury cause of action.

Plaintiffs initially filed this action in state court on January 26, 2009. On June 1, 2009, the case was removed to this court with the consent of all defendants who had been served. While still in state court, plaintiffs were granted an additional 90 days to accomplish service of process with a new deadline of August 26, 2009. We recently denied plaintiffs' request for an additional 120 days in which to serve the remaining defendants (doc. 37). Because almost ten months have passed since this case was originally filed, we now dismiss without prejudice all claims against those defendants who have not been served: Dick James, Dick James Associates, Inc., Palm Villas of Scottsdale, Michael Gallagher, Christian J. Mayled, John C. Ogden, Steve Betts, Seth H. Blum, Fiddlesticks Family Fun Park, and Park Management.

Each of the remaining defendants (with the exception of Sean Stechenfinger and Suncor Development Company) (collectively, "Movants"), now move to dismiss all claims pursuant to Rule 12(b)(6), Fed. R. Civ. P.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must provide more than "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp., 550 U.S. at 570, 127 S. Ct. at 1974). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Movants each contend that the amended complaint fails to state a claim upon which relief can be granted. We agree. The amended complaint is devoid of a cognizable legal theory supported by any factual content that would allow us to draw a reasonable inference that any Movant is liable for the misconduct alleged. Instead, the amended complaint contains a laundry list of statutes that the plaintiffs allege were violated. Plaintiffs' only allegation in the amended complaint is that Movants "conspired" with each other and "resorted to sabotage of Plaintiff's court cases and also resorted to defamation of Plaintiff" in violation of "42 U.S.C. 1981, 1983, 1985, and 1986, and other federal and state statutes including ARS 12-651, ARS 12-652, ARS 12-653, ARS 12-349, and ARS 12-541," as well as "Article II, Sections 4, 6, and 8 of the Arizona Constitution." See Amended Complaint ¶¶ 5-8. These claims are insufficient under any standard to assert a claim for relief. It is wholly inadequate to simply cite a violation of a statute and nothing more. Although plaintiffs exercised their right to file an amended complaint, the amended complaint does little to rectify the inadequacy of their claims.

Plaintiffs allege that Movants violated their rights under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and Article II, §§ 4, 6, and 8 of the Arizona Constitution without any factual allegations to support these claims. Section 1981 refers to discrimination in the making and enforcing of contracts. No such allegation exists here. Section 1983 and Article II, § 4, 6, and 8 of the Arizona Constitution require state action. Fiesta Mall Venture v. Mecham Recall Comm., 159 Ariz. 371, 373, 767 P.2d 719, 721 (Ct. App. 1988); Dimond v. Samaritan Health Serv., 27 Ariz. App. 682, 684, 558 P.2d 710, 712 (Ct. App. 1976). But the Movants are private persons or entities. Sections 1985 and 1986 proscribe conspiracies to interfere with civil rights. Plaintiffs fail to allege a single factual allegation to support the existence of a conspiracy, or that they were deprived of any constitutional right. Plaintiffs' allegations in their amended complaint that the CIM defendants were involved in an "illegal" transfer of the Palm Villa property in a "fraudulent scheme in order to beat [a] lawsuit," Amended Complaint ¶ 8, does not provide factual support for any of the asserted claims. Each of these claims is dismissed.

Moreover, plaintiffs' bare citation of A.R.S. §§ 12-651, 12-652, 12-653, 12-349, and 12-541 fail to state cognizable claims. Section 12-651 is Arizona's Uniform Single Publication Act and itself provides no independent basis for relief. Sections 12-652 and 12-653 apply only to traditional print media, which obviously does not apply here. Section 12-349 authorizes sanctions against a party filing unjustified legal actions. Plaintiffs have alleged no facts that would support an award under this statute. Finally, section 12-541 is a statute of limitations for various claims, not a separate cause of action. None of these statutes provides a basis for a cognizable claim, and each claim is dismissed.

Plaintiff Ida Araya asserts that she was negligently injured while she was at Fiddlesticks Family Fun Park. But there is no allegation that any of the Movants were involved in the alleged negligence. To the extent plaintiffs assert a negligence claim against any Movant, it is dismissed.

Plaintiffs' defamation claim fails as well. A claim for defamation requires a plaintiff to establish (1) publication by defendant, (2) of a false and defamatory communication concerning plaintiff, (3) fault amounting to at least negligence. Dube v. Likins, 216 Ariz. 406, 417, 420, 167 P.3d 93, 104, 107 (Ct. App. 2007). Plaintiffs have failed to allege a single fact against any of the Movants to support any of the required elements of a defamation claim. Plaintiffs' bald allegation that Movants "resorted to defamation of plaintiff," is insufficient under any standard to state a claim for relief. Plaintiffs' defamation claims are dismissed.

Not only have plaintiffs failed to assert any factual or legal basis to support any of their claims in their amended complaint, they fail to respond to any of the arguments raised in Movants' motions to dismiss. Failure to respond to arguments raised in dispositive motions "may be deemed a consent to the . . . granting of the motion," LRCiv 7.2(i), and serves as an additional basis upon which to grant Movants' motions.

We conclude that plaintiffs have failed to articulate any factual or legal basis for the claims raised in their amended complaint. As such, all Movants are entitled to dismissal of all claims with prejudice pursuant to Rule 12(b)(6), Fed. R. Civ. P.

We are left with claims asserted by the two remaining defendants who have answered but not moved to dismiss, Sean Stechenfinger and Suncor Development Company. Mr. Stechenfinger is alleged to be an employee of Fiddlesticks Family Fun Park, and Suncor Development is alleged to own Fiddlesticks. Although these defendants have not moved to dismiss claims against them, we conclude *sua sponte* that the rationale supporting the dismissal of claims against the Movants apply with equal force to the claims asserted against Stechenfinger and Suncor Development, with one exception. Plaintiff Ida Araya alleges that on or about May 6, 2003, she was injured while at Fiddlesticks Family Fun Park as a result of Stechenfinger and Suncor's negligence. Because this is a state law claim, and in the absence of any remaining federal claims, we decline to exercise supplemental jurisdiction over this sole remaining claim. See 28 U.S.C. § 1367(c)(3). Instead, the remaining claim is remanded to state court.

We deny plaintiffs' request to file yet another amended complaint, not only because the request fails to satisfy the requirements of LRCiv 15.1, but also because, with the exception of Ida Araya's negligence claim, this action is wholly frivolous and no amendment can save it.

Therefore, **IT IS ORDERED DISMISSING** without prejudice all claims against those defendants who have not been served: Dick James, Dick James Associates, Inc., Palm Villas of Scottsdale, Michael Gallagher, Christian J. Mayled, John C. Ogden, Steven Betts, Seth H. Blum, Fiddlesticks Family Fun Park, and Park Management.

**IT IS FURTHER ORDERED GRANTING** the CIM defendants' motion to dismiss (doc. 5), **GRANTING** Caroline K. Larsen and Bryan Cave LLP's motion to dismiss (doc. 6), **GRANTING** Gallagher & Kennedy, P.A., and Michael K. Kennedy's motion to dismiss (doc. 8), **and GRANTING** Sanders & Parks, P.C., Mark G. Worischeck and Julianne D. Blumenreich's motion to dismiss (doc. 9), all with prejudice.

**IT IS ORDERED *SUA SPONTE* DISMISSING** with prejudice all claims against Sean Stechenfinger and Suncor Development Company, except for the single negligence claim asserted by plaintiff Ida Araya arising from the alleged injury she sustained at

Fiddlesticks Family Fun Park on or about May 6, 2003. This claim only is remanded to the Superior Court of Arizona in Maricopa County. In all other respects, **IT IS ORDERED DENYING** plaintiffs' motion to remand (doc. 13).

It is further ordered vacating the Rule 16 conference scheduled for October 30, 2009.

We urge plaintiffs to seek the advice of counsel. If they do not have one, they may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association at 602-257-4434.

DATED this 26th day of October, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge